UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAURICE THOMAS                                    CIVIL ACTION

VERSUS                                            NO. 13-688-JJB-SCR

CHIEF ORIAN GULOTTA, ET AL.

RULING

This matter is before the Court on the Motion (doc. 9) to Quash Service, and in the Alternative, Motion to Dismiss for Failure to State a Claim, filed by the Defendants Unknown Police Deputy 1, Unknown Police Deputy 2, Unknown Police Deputy 3, Unknown "Balding Superior Officer," and their Unknown Liability Insurance Carriers ("Unknown Police Parties"). Plaintiff Maurice Thomas opposed the motion. (Doc. 13). Jurisdiction is based upon 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **GRANTS IN PART AND DENIES IN PART** the Motion (doc. 9) to Quash Service, and in the Alternative, Motion to Dismiss for Failure to State a Claim.

Background

The plaintiff alleges that his constitutional rights were violated under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 when Plaquemines Parish Police Office personnel arrested, deemed guilty, kicked, and beat him without lawful justification. (Doc. 1, p. 2). The plaintiff attempted to serve these Unknown Police Parties by personally delivering a copy of the summons and the complaint to Captain Kenny Payne, who was authorized to accept service on behalf of the Plaquemines Parish Police Office. (*See* doc. 8).

Unknown Police Parties aver that service should be quashed because they were not properly served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, and that the plaintiff has not alleged facts sufficient to state a claim upon which relief can be granted. (Doc.

1

9). In his opposition, the plaintiff appears to simply re-allege the facts from his complaint and argues that the names of the Unknown Police Parties may be obtained through discovery. (Doc. 13, p. 3).

**I.    Motion to Quash**

Under Rule 4 of the Federal Rules of Civil Procedure, every party must be served with a copy of the summons and the complaint. The first method by which an individual may be served is through "following state law for serving a summons in an action brought in a court of general jurisdiction in that state where the district court is located or where service is made." Fed. Rule Civ. Proc. 4(e)(1). Under the Louisiana Code of Civil Procedure, "service of citation or other process may be either personal or domiciliary." La. Code Civ. Proc. art. 1231. "Personal service is made when a proper officer tenders the citation to the person to be served." La. Code Civ. Proc. art. 1232. "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. Code Civ. Proc. art. 1234. Furthermore, an individual may be served under Rule 4(e)(2) of the Federal Rules of Civil Procedure in any of the following manners:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of a suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In the instant case, the plaintiff served the summons for Unknown Police Deputy 1, Unknown Police Deputy 2, Unknown Police Deputy 3, and Unknown "Balding Superior Officer," on Captain Kenny Payne at the Plaquemines Parish Police Department Headquarters. These four unknown officers were neither served personally nor domiciliary, as required under

Louisiana law and under Rules 4(e)(2)(a) and 4(e)(2)(b) of the Federal Rules of Civil Procedure. Also, the plaintiff has not shown that Captain Payne was an authorized agent to accept service of process for the four unknown officers. *See* Fed. Rule Civ. Proc. 4(e)(2)(c). Thus, the plaintiff's attempt to serve these four unknown police deputies was insufficient under the Federal Rules of Civil Procedure.

The plaintiff also attempted to serve the Unknown Liability Insurance Carrier of the four unknown police deputies through making service on Captain Kenny Payne. Under Rule 4(h) of the Federal Rules of Civil Procedure, service is proper on a corporation, partnership, or association if it is served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so require—by also mailing a copy of each to the defendant.

Service on Captain Kenny Payne neither satisfied Rule 4(e)(1), nor is there any evidence that Captain Kenny Payne is an officer or authorized agent to receive service on behalf of the Unknown Liability Insurance Carrier. Thus, service on Captain Kenny Payne was also improper as to the Unknown Liability Insurance Carrier of the four unknown police deputies.

**II.    Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted**

Alternatively, the Unknown Police Parties seek to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff alleges that the unknown police deputies "collectively punched, severely beat and kicked in his shoulder, ribs and buttock area as he was on the ground unarmed in submission and obedience to their order." (Doc. 1, p. 3). He also alleges that the unknown police deputies forced him to crawl from the backyard to the front yard with the barrel of a shotgun placed on the back of his head. *Id.* Yet, the plaintiff

claims that he was released without any criminal charges or citations. (*See* doc. 1, p. 4). Therefore, the Court finds that the plaintiff has pleaded facts that make his claims "plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. Rule of Civ. Proc. 8(a)(2). Further, even though not explicitly provided for in the Federal Rules of Civil Procedure, it is well recognized that a plaintiff may name a fictitious party when the defendant's identity is unknown. *See, e.g., Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Accordingly, the Court will not dismiss the relevant claims against the Unknown Police Parties pursuant to Rule 12(b)(6).

## Conclusion

Therefore, as provided herein, the Court **GRANTS IN PART AND DENIES IN PART** the Motion (doc. 9) to Quash Service, and in the Alternative, Motion to Dismiss for Failure to State a Claim.

Signed in Baton Rouge, Louisiana, on March 7, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**