UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAURICE THOMAS

VERSUS

CHIEF ORIAN GULOTTA, ET AL.

CIVIL ACTION

NO. 13-688-JJB-SCR

## RULING

This matter is before the Court on the Defendants Chief Orian Gulotta, Police Chief of the City of Plaquemine, and Officer V. Hebert's Motion (doc. 22) for Judgment on the Pleadings. The Plaintiff Maurice Thomas opposed the motion. (Doc. 24). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **GRANTS IN PART AND DENIES IN PART** the defendants' Motion (doc. 22) for Judgment on the Pleadings.

### Background

In his amended complaint, the plaintiff alleges "that he was arrested, deemed guilty, kicked and beaten by defendant Plaquemine Police Office personnel on or about July 19, 2013." (Doc. 4, p. 2, ¶ 3). On that date, the plaintiff alleges that the police were searching for a man named Michael Williams, who had earlier been involved in an altercation with police officers. At 2:00 a.m., "plaintiff Maurice Thomas was awakened from his sleep by the sounds of his dogs in the back yard [sic] barking and alerting as to something or someone they detected." (Doc. 4, p. 2, ¶ 5). Unbeknownst to the plaintiff, the dogs had detected police officers located in the backyard of the plaintiff's next-door neighbor. The plaintiff emerged from his house to check on the situation, at which point he noticed the three individuals in his neighbor's backyard, but he did not know they were police officers. After threatening to call the police, Defendant Hebert and the

1

other officers ordered the plaintiff to get on the ground.[1] The plaintiff asserts that Hebert and the unknown officers began to punch, severely beat, and kick the plaintiff in the shoulder, ribs, and buttock area, all without any provocation. Plaintiff states that, during this beating, the officers repeatedly yelled profanities at him, as well as threatened to shoot him and his dog. Plaintiff also claims that there were several "red dots" on his chest—the laser sight marks from the officers' weapons. Subsequent to this beating, the officers commanded the plaintiff to crawl to the front of the house, while one of the officers positioned the barrel of a shotgun on the back of the plaintiff's head. After some length of time, the ordeal ended once an officer identified that the plaintiff was not the individual who the officers were trying to find. Nevertheless, one of the officers placed the plaintiff in the back of a police cruiser to run a warrant check. When that check returned nothing, the officers released the plaintiff from their custody.[2]

As a result of this encounter, the plaintiff claims that he suffered serious injury from the officers' use of excessive and unreasonable force in violation of 42 U.S.C. § 1983. In addition to the above, the plaintiff alleges that the police chief and the sheriff "failed to properly screen, train and supervise [their] subordinate deputies and thereby endorsed and/or facilitated this type of activity, and failed to have the necessary steps in place to prevent this type of beating and treatment." (Doc. 4, p. 5, ¶ 24). Further, the plaintiff claims that the police chief failed to redress the wrong, and thereby "endorsed and ratified the actions of the deputies and staff." (Doc. 4, p. 6, ¶ 32). Thereafter, Defendants Police Chief Orian Gulotta and Officer Hebert filed the pending

---

[1] According to the complaint, the officers told the plaintiff to "get on the ground mother f* * *er! Get on the ground!" (Doc. 4, p. 3, ¶ 8).
[2] While these facts may give rise to a claim for false imprisonment, the amended complaint does not allege that either Chief Gulotta or Officer Hebert were personally involved with detaining the plaintiff in the police cruiser while running the warrant check. The only party implicated in the amended complaint is a "balding superior Plaquemine Police Officer." (Doc 4, p. 4 , ¶ 16).

2

motion for judgment on the pleadings, seeking dismissal of the plaintiff's state claims, over which this court chose to exercise supplemental jurisdiction, pursuant to Rule 12(c).

## Law

A motion under Rule 12(c) for judgment on the pleadings is evaluated using same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "some factual enhancement" is necessary. *Id.* at 557. While the pleading standard under Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Therefore, "[v]iewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides 'enough facts to state a claim to relief that is plausible on its face.'" *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S at 570. The court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 507 F.3d 690, 696 (5th Cir. 2005).

3

## Analysis

1. <u>Claims Against Police Chief Orian Gulotta</u>

After this Court dismissed all federal law claims asserted against Chief Gullota (doc. 20), the only claims remaining against Chief Gulotta are those brought under state law. Although the pleadings are not a model of clarity, the plaintiff appears to be alleging claims of false imprisonment, malicious prosecution, intentional infliction of emotional distress, and negligent hiring, training, and supervision. This Court dismissed parallel claims under § 1983 because (1) the plaintiff admitted the Chief Gulotta was not personally involved in the incident on July 19, 2013 and (2) the plaintiff's complaint was not plausible on its face regarding claims against Chief Gulotta in his official capacity. Moreover, this Court granted the plaintiff leave to amend his complaint, yet he failed to do so. The only new claim this Court is presented with is malicious prosecution. However, the first element of a claim for malicious prosecution under Louisiana law is "the commencement or continuance of an original criminal or civil judicial proceeding." *Robinson v. Goudchaux's*, 207 So.2d 287, 289 (La. 1975). In light of the fact that the plaintiff does not allege he was charged with a crime or required to appear in court, a criminal proceeding never "commenced" in this case. Insofar as any claims against Chief Gulotta are premised on vicarious liability, the plaintiff stated in his opposition that these are not "claim[s] of Respondeat Superior." (Doc. 24, p. 5). Accordingly, the plaintiff has failed to produce facts that allow this Court to create a reasonable inference that Chief Gulotta is personally or vicariously liable for the malicious prosecution claims against him in the amended complaint.

## 2. Claims Against Officer V. Hebert

In a prior ruling, this Court dismissed several of analogous federal law claims against Officer Hebert because the plaintiff pleaded insufficient facts to give rise to a facially plausible claim. For the same reasons as to the malicious prosecution claim against Chief Gulotta, this Court also finds the plaintiff failed to state a claim for malicious prosecution against Officer Hebert. Thus, the only potentially viable claim against Officer Hebert is intentional infliction of emotional distress. In order to establish a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from this conduct. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). In his amended complaint, the plaintiff asserts that Officer Hebert yelled at the plaintiff to get on the ground; thereafter, he and three other unknown officers began to punch, beat, and kick the Plaintiff. (Doc. 4, p. 3). During this beating, defendant Hebert and the unknown defendants allegedly berated the Plaintiff with vulgarities and threatened to shoot the Plaintiff. *Id.* Finally, the defendants ordered him to crawl to the front yard, while one of the officers placed a shotgun barrel on the back of his head. *Id.*

The alleged actions of Officer Hebert, accepted as true, may constitute "extreme and outrageous conduct" that was "substantially certain" to cause severe emotional distress. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). Accepting the allegations of the complaint as true, the factfinder could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Viewing the facts in a light most favorable to the plaintiff, the plaintiff has pleaded sufficient facts regarding his intentional infliction of emotional distress claim to overcome the Rule 12(c) claim. Nevertheless,

5

this court grants the defendants' motion as to false imprisonment and malicious prosecution claims.

## Conclusion

Therefore, the Motion to Dismiss (doc. 22) is **GRANTED IN PART** as to all claims against Chief Orian Gulotta and as to claims against Officer V. Hebert for false imprisonment and malicious prosecution. The motion (doc. 22) is **DENIED IN PART** as to the intentional infliction of emotional distress claim against Officer V. Hebert, which along with the claims against Officer Hebert for excessive force under § 1983 remain for trial.

Signed in Baton Rouge, Louisiana, on November 5, 2014.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA