UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAURICE THOMAS

CASE NO. 13-688-JJB-SCR

VERSUS

CHIEF ORIAN GULOTTA, ET AL.

## RULING ON MOTION TO RECONSIDER

Plaintiff, Maurice Thomas, moves for this Court to reconsider the dismissal of Defendant, Chief Orian Gulotta, Police Chief of the City of Plaquemine. (Doc. 27). All responsive briefs were considered for purposes of this ruling.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure provide the following with regard to motion to reconsider:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010)). Nevertheless, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

1

## FACTUAL ALLEGATIONS

A thorough recitation of the facts has been presented in a prior ruling by this Court. (Doc. 26, at 1-3). Plaintiff has not presented this Court with any new facts regarding this matter. Plaintiff's Motion to Reconsider reiterates the same allegations that it previously made to this Court, namely, Plaintiff alleges that the Police Chief Orian Gulotta received a formal Internal Affairs Complaint via certified mail return receipt. (Docs. 24 and 27-1). Additionally, Plaintiff alleges that Chief Gulotta has a duty to respond to the formal complaint and institute an investigation. *Id.* Plaintiff asserts that Gulotta "ratified" the actions of his officers by not responding to the complaint, therefore, his actions arise to a violation of 42 U.S.C. § 1983. *Id.*

## DISCUSSION

This Court dismissed the claims under 42 U.S.C. § 1983 against Chief Gulotta on April 22, 2014. (Doc. 20). The April 22, 2014 ruling determined that (1) Plaintiff admitted Chief Gulotta was not personally involved in the incident on July 19, 2013 and (2) Plaintiff's complaint was not plausible on its face regarding claims against Chief Gulotta in his official capacity. (Doc. 20, at 5-7). This Court granted the Plaintiff leave to amend his complaint. Plaintiff has not filed an amended complaint with this court. Plaintiff relies on a Sixth Circuit ruling in the motion to reconsider stating, "the Sixth Circuit has held that a failure to investigate complaints or discipline officers can give rise to § 1983 liability." Doc. 27-1, at 3 (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1247 (6th Cir. 1989, cert. denied, 495 U.S. 932 (1990)). Additionally, "the theory underlying these cases is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct." Doc. 27-1, at 3 (quoting *Dyer v. Casey*, 1995 U.S. App. LEXIS 37042, 1995 WL 712765, *2 (6th Cir. 1995)). This Court's prior ruling was clear when it said that without something additional, the failure to discipline is not

sufficient to rise to the level of a "ratification" or "endorsement". (Doc. 20 (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278—1279 (5th Cir. 1992)).

## CONCLUSION

After review, the Court does not find substantial grounds for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiff has pled insufficient facts to establish a plausible claim against Defendant Gulotta under 42 U.S.C. § 1983. The Plaintiff's Motion to Reconsider is **DENIED.**

Signed in Baton Rouge, Louisiana, on January 29, 2015.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**