UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAURICE THOMAS

CASE NO. 13-CV-688-JJB-SCR

VERSUS

CHIEF ORIAN GULOTTA, ET AL.

## **RULING ON MOTION TO DISMISS**

Defendants, Unknown Plaquemine Police Officer 1, Unknown Plaquemine Police Officer 2, Unknown Plaquemine Police Officer 3, Unknown Balding Superior Officer (collectively referred to as Unknown Police Officers), and Unknown Liability Insurer, move for this Court to dismiss all claims asserted against them by Plaintiff, Maurice Thomas. Defendants move to dismiss pursuant to the following Federal Rules of Civil Procedure: 12(b)(5) for insufficient service of process, 4(m) for failure to timely serve, 21 for misjoinder or nonjoinder, and 41(b) for failure to prosecute. (Doc. 30). All responsive briefs were considered for purposes of this ruling.

## **STANDARD OF REVIEW**

Fed. R. Civ. P. Rule 12(b)(5) permits a party to assert the defense of insufficient service of process by way of motion. Further, "[i]f a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service must be made within a specified time." Fed. R. Civ. P. Rule 4(m). Only if the plaintiff demonstrates a "good cause for the failure," must the court then "extend the time for service for an appropriate period." *Id*.

Additionally, involuntary dismissal, as an adjudication on the merits, may be sought by the defendant if the plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. Rule 41(b). The Fifth Circuit has stated that it "will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by Plaintiff,

1

and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

## FACTUAL ALLEGATIONS

A thorough recitation of the facts has been presented in a prior ruling by this Court. (Doc. 26, at 1-3). Plaintiff filed the Complaint on October 23, 2013. (Doc. 1). Plaintiff attempted to serve the Unknown Police Officers and Unknown Liability Insurance Carriers by personally delivering a copy of the summons and the Complaint to Captain Kenny Payne. *See* doc. 8. Captain Payne was authorized to accept service on behalf of the City of Plaquemine Police Department. *Id*. On March 7, 2014, this Court found that service was improper and granted Defendant's Motion to Quash Service. (Doc. 19). On February 13, 2014, a Status Report placed in the record named the three Plaquemine Police Officers that were present during the alleged altercation. (Doc. 17, at 2). On April 11, 2014, named Defendants, Chief Orian Gulotta and V. Hebert, identified the three officers and their liability insurer to Plaintiff in initial disclosures. (Doc. 34, at 5). The original deadline to amend pleadings to add new parties and claims was set for April 21, 2014. (Doc. 34). The Court extended the deadline 15 days. (Doc. 20). However, Plaintiff did not file an Amended Complaint. The Unknown Police Officers, still unnamed in this proceeding, file the Motion to Dismiss that is considered herein.

## DISCUSSION

i.  *Failure to serve*

Two of the grounds Defendants rely on in their motion questions the timeliness and sufficient of service of process on the Unknown Police Officers. Fed. R. Civ. P. Rule 12(b)(5) and 4(m). Under Rule 4(m), the Court must dismiss the action without prejudice or order that

service be made within a specified time. When plaintiffs can demonstrate their "good cause" for failing to timely serve, the Court must extend time for service. *Id*. According to Defendants, Plaintiff has not demonstrated good cause for failing to effectively serve the Unknown Police Officers and Unknown Liability Insurance Carriers. (Doc. 30-1, at 4, 6). *Gartin v. Par Pharmaceutical Companies, Inc.*, claiming that Plaintiff cannot show good cause for failing to effectively serve the Unknown Police Officers and Unknown Liability Insurance Carriers. (Doc. 30-1, p. 4, 6, citing 289 F.App'x 688, 692 (5th Cir. 2008)). The Fifth Circuit affirmed the factors considered by the district court in *Gartin v. Par Pharmaceutical Companies, Inc.*, 289 F.App'x 688 (5th Cir. 2008)). In *Gartin*, the court considered the following three facts in determining that the Plaintiff lacked good cause for failing to effect service within 120 days:

> (1) the delay of seven months was excessive; (2) the Gartins failed to seek an extension of time prior to the expiration of the original 120–day deadline; and (3) the Gartins were on notice from the inception of this lawsuit that they were required to serve [the defendant] individually, but made no effort to do so.

289 F.App'x at 692.

Here, Plaintiff, in his Opposition, claims that Defendants refused to answer the discovery questions identifying the Unknown Police Officers. (Doc. 32, at 4). Additionally, Plaintiff claims that there are, at a minimum, seven possible actors involved in the alleged altercation, and Defendants should not be released from litigation. (Doc. 32, at 4). However, at this point in the proceedings, Plaintiff has been given the opportunity to amend the complaint to name additional parties and specifically provide names to the Unknown Police Officers and Unknown Insurance Carriers. Despite this opportunity to amend and the documented availability of information, Plaintiff has failed to properly name and serve such parties.

Plaintiff has not established good cause for failing to effectively serve within 120 days. Considered the factors of *Gartin*, this Court must not that (1) fourteen months have passed since

Plaintiff filed the Complaint, (2) Plaintiff failed to seek an extension of time prior to the expiration of the 120 days, and (3) Plaintiff was aware that he had not successfully served Defendants because this Court granted Defendant's motion to quash service. (Doc. 30-1, at 6-7). Defendants were not served within 120 days after the Complaint was filed. This Court gave Plaintiff time to amend the Complaint on April 22, 2014. During the time to amend, Plaintiff had enough information available to properly name and serve the two unnamed City of Plaquemine Police Officers and their liability insurance company. Therefore, Plaintiff did not demonstrate good cause for failing to timely serve in compliance with Fed. R. Civ. P. Rule 4(m).

    ii.    *Failure to prosecute*

Defendants move to have the claims against the Unknown Police Officers and Unknown Liability Insurer dismissed with prejudice for failure to prosecute. Fed. R. Civ. P. Rule 41(b). Pursuant to Rule 41(b), if Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless stated otherwise, such a dismissal would operate as an adjudication on the merits. In *Gartin*, where the delay for service was seven months, the Fifth Circuit noted that such "a delay in service of process often gives rise to the type of situation in which 'a lesser sanction would not better serve the interest of justice.'" 289 F.App'x 688, 694, quoting *Veazey v. Young's Yacht Sale & Service, Inc.*, 644 F.2d 475, 478 (5th Cir. 1981)).

This Court granted Defendant's Motion to Quash Service. Plaintiff did not amend his Complaint to name or serve known Defendants. Therefore, the delay of fourteen months since filing of the complaint without any proper service gives rise to a situation where lesser sanctions would not prompt diligent prosecution. Therefore, this Court grants the Defendants' Motion to Dismiss with prejudice.

## CONCLUSION

This Court has considered Defendants' Motion to Dismiss. Plaintiff has not shown good cause for failing to timely name and serve the Unknown Police Officers and their Unknown Liability Insurer. Further, the already length delay in service suggests that a lesser sanction would not prompt diligent prosecution. Therefore, Defendants' Motion to Dismiss (doc. 30) is **GRANTED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on February 19, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**